UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

MATTHEW DUFRANE
on behalf of himself and all
others similarly situated,

       Case No. 22-cv-582

       Plaintiff,

       **COLLECTIVE AND CLASS
       ACTION COMPLAINT
v.       PURSUANT TO 29 U.S.C. §216(b)
       AND Fed. R. Civ. P. 23**

NORTHERN MANAGEMENT LLC
333 Bishop's Way, Suite 160       **JURY TRIAL DEMANDED**
Brookfield, Wisconsin 53005

       Defendant

## COMPLAINT

## PRELIMINARY STATEMENT

1.      This is a collective and class action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*. ("WWPCL") and Fed. R. Civ. P. 23, by Plaintiff, Matthew DuFrane, on behalf of himself and all other similarly situated current and former hourly-paid, non-exempt Maintenance employees of Defendant, Northern Management LLC, for purposes of obtaining relief under the FLSA and WWPCL for unpaid wages, unpaid overtime compensation, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2.      Defendant operated (and continues to operate) an unlawful compensation system that deprived and failed to compensate all current and former hourly-paid, non-exempt

Maintenance employees for all hours worked and work performed each workweek – including at an overtime rate of pay for hours worked in excess of forty (40) each workweek – by failing to compensate said employees for all "off-the-clock" hours worked and work performed with Defendant's knowledge, on Defendant's behalf, for Defendant's benefit, and/or at Defendant's direction, in violation of the FLSA and WWPCL.

3. Defendant's failure to compensate their hourly paid, non-exempt Maintenance employees for compensable work performed at the correct and lawful overtime rate of pay was intentional, willful, and violated federal law as set forth in the FLSA and state law as set forth in the WWPCL.

## JURISDICTION AND VENUE

4. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

5. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*., because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendant has substantial and systematic contacts, and regularly does business, in this District.

## **PARTIES**

7.     Plaintiff, Matthew DuFrane, is an adult male resident of the State of Wisconsin residing at 437 Harrison Street, North Fond du Lac, Wisconsin 54937.

8.     Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is contemporaneously filed with this Complaint (ECF No. 1).

9.     Defendant, Northern Management LLC, is a Wisconsin-based company with a principal office address of 333 Bishop's Way, Suite 160, Brookfield, Wisconsin 53005.

10.     Defendant owns, operates, and manages apartment buildings and rental units in the State of Wisconsin.

11.     For purposes of the FLSA, Defendant was an "employer" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

12.     For purposes of the WWPCL, Defendant was an "employer" of Plaintiff, and Plaintiff was "employed" by Defendant, as those terms, or variations thereof, are used in Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq*., 104.01 *et seq*., and Wis. Admin. Code § DWD 272.01.

13.     During the relevant time periods as stated herein, Defendant engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

14.     During the relevant time periods as stated herein, Defendant employed more than two (2) employees.

15.     During the relevant time periods as stated herein, Defendant's annual dollar volume of sales or business exceeded $500,000.

16.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff worked as an hourly-paid, non-exempt employee in the position of Maintenance Technician in the Fond du Lac, Wisconsin region of Defendant's business.

17.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other similarly-situated current and former hourly-paid, non-exempt Maintenance employees performed compensable work and similar job duties at Defendant's direction, on Defendant's behalf, for Defendant's benefit, and/or with Defendant's knowledge at physical locations that were owned, operated, and managed by Defendant and who were all subject to Defendant's same unlawful compensation policies and practices as enumerated herein.

18.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant supervised Plaintiff's day-to-day activities and the day-to-day activities of all other hourly-paid, non-exempt Maintenance employees.

19.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant hired, terminated, promoted, demoted, and suspended Plaintiff and all other hourly-paid, non-exempt Maintenance employees.

20.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant reviewed Plaintiff's work performance and the work performance of all other hourly-paid, non-exempt Maintenance employees.

21.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant established Plaintiff's work schedule and the work schedules of all other hourly-paid, non-exempt Maintenance employees.

22.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant established Plaintiff's and all other hourly-paid, non-exempt Maintenance employees' hourly rates of pay and means of compensation.

23.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant provided Plaintiff and all other hourly-paid, non-exempt Maintenance employees with work assignments and hours of work.

24.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's hours of work and the hours of work of all other hourly-paid, non-exempt Maintenance employees were tracked and recorded by Defendant.

25.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant established the work rules, policies, and procedures by which Plaintiff and all other hourly-paid, non-exempt Maintenance employees abided in the workplace.

26.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant controlled the terms and conditions of Plaintiff's employment and the employment of all other hourly-paid, non-exempt Maintenance employees.

## **GENERAL ALLEGATIONS**

27.     On or about February 7, 2022, Defendant hired Plaintiff into the position of Maintenance Technician working primarily in Defendant's Fond du Lac, Wisconsin region.

28.     During Plaintiff's employment with Defendant in his position of Maintenance Technician, Plaintiff reported directly to Melissa Kreiter, Property Manager, who reported directly to Benjamin Tadych, Regional Manager.

29.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff performed compensable work on Defendant's behalf, with Defendant's

knowledge, for Defendant's benefit, and/or at Defendant's direction in Defendant's Fond du Lac, Wisconsin region.

30.     During the entirety of Plaintiff's employment with Defendant, Defendant compensated Plaintiff on an hourly basis and/or with an hourly rate of pay.

31.     During the entirety of Plaintiff's employment with Defendant, Plaintiff was a non-exempt employee for FLSA and WWPCL purposes.

32.     On or about May 6, 2022, Plaintiff's employment with Defendant ended.

33.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt Maintenance employees were employed by Defendant in hourly-paid, non-exempt job positions and performed compensable work on Defendant's behalf, with Defendant's knowledge, for Defendant's benefit, and/or at Defendant's direction at physical locations that were owned, operated, and managed by Defendant.

34.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt Maintenance employees often worked in excess of forty (40) hours per workweek.

35.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant knew or had knowledge that Plaintiff and all other hourly-paid, non-exempt Maintenance employees worked in excess of forty (40) hours per workweek.

36.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt Maintenance employees were non-union employees of Defendant.

37. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and all other hourly-paid, non-exempt Maintenance employees on a bi-weekly basis via check.

38. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's workweek for FLSA and WWPCL purposes was Sunday through Saturday.

39. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained employment records and other documentation regarding Plaintiff and all other hourly-paid, non-exempt Maintenance employees.

40. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained a centralized system for tracking and/or recording hours worked by Plaintiff and all other hourly-paid, non-exempt Maintenance employees.

41. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained a centralized system for compensating Plaintiff and all other hourly-paid, non-exempt Maintenance employees for all remuneration earned.

42. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all current and former hourly-paid, non-exempt Maintenance employees were subject to Defendant's same unlawful policy, practice, custom, and/or scheme of failing to compensate said employees for "off-the-clock" hours worked and work performed with Defendant's knowledge, on Defendant's behalf, for Defendant's benefit, and/or at Defendant's direction, in violation of the FLSA and WWPCL.

43. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained a manual system for tracking and/or recording hours worked by Plaintiff and all other hourly-paid, non-exempt Maintenance employees each work day (hereinafter

simply "Defendant's manual timekeeping system") that said employees used on a daily basis for timekeeping and/or recordkeeping purposes.

44.    During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt Maintenance employees used Defendant's manual timekeeping system on a daily basis for timekeeping and/or recordkeeping purposes.

45.    During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's uniform policy in practice applicable to Plaintiff and all other hourly-paid, non-exempt Maintenance employees each work day and each workweek was for said employees to record in fifteen (15) minute increments in its manual timekeeping system only those actual hours spent performing manual labor or physical duties in furtherance of their Maintenance position at locations or units that were owned, operated, and/or managed by Defendant.

46.    During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant directed, required, and/or instructed Plaintiff and all other hourly-paid, non-exempt Maintenance employees each work day and each workweek to record in fifteen (15) minute increments in its manual timekeeping system only those actual hours spent performing manual labor or physical duties in furtherance of their Maintenance position at locations or units that were owned, operated, and/or managed by Defendant.

47.    During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's uniform policy in practice applicable to Plaintiff and all other hourly-paid, non-exempt Maintenance employees each work day and each workweek was for said employees not to record in its manual timekeeping system actual hours spent communicating or corresponding with Defendant's supervisory-level or management-level employees regarding

work-related matters, issues, or tasks and/or in furtherance of the duties of their Maintenance position.

48.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant directed, required, and/or instructed Plaintiff and all other hourly-paid, non-exempt Maintenance employees each work day and each workweek not to record in its manual timekeeping system actual hours spent communicating or corresponding with Defendant's supervisory-level or management-level employees regarding work-related matters, issues, or tasks and/or in furtherance of the duties of their Maintenance position.

49.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant knew or should have known that Plaintiff and all other hourly-paid, non-exempt Maintenance employees were performing compensable work each work day and each workweek by communicating or corresponding with Defendant's supervisory-level or management-level employees regarding work-related matters, issues, or tasks and/or in furtherance of the duties of their Maintenance position.

50.     During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) and as directed, required, instructed, and/or known by Defendant, Plaintiff and all other hourly-paid, non-exempt Maintenance employees each work day and each workweek uniformly did not to record "off-the-clock" hours worked and work performed communicating or corresponding with Defendant's supervisory-level or management-level employees regarding work-related matters, issues, or tasks and/or in furtherance of the duties of their Maintenance position. For example, during Plaintiff's employment with Defendant, Plaintiff engaged in the following work-related matters, issues, or tasks on a daily and/or weekly basis in furtherance of the duties of his Maintenance position without receiving compensation for said actual hours

worked and/or work performed: communicating and corresponding with Kreiter and/or Tadych throughout the work day via telephone calls and/or text messages; communicating and corresponding with Kreiter and/or Tadych before-hours and after-hours; and completing manual timesheets to be recorded in Defendant's manual timekeeping system. Such a practice was similar for Plaintiff and all other hourly-paid, non-exempt Maintenance employees and resulted in Defendant uniformly failing to compensate said employees at their respective hourly rate(s) or pay each work day and each workweek for actual hours worked and/or work performed in furtherance of the duties of his Maintenance position, including at an overtime rate of pay for all hours worked and work performed in excess of forty (40) hours in a workweek.

51. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policies in practice failed to compensate Plaintiff and all other hourly-paid, non-exempt Maintenance employees at the correct and lawful overtime rate of pay for all hours worked and work performed in excess of forty (40) hours in a workweek.

52. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant knew and/or was aware that its pay policies and practices failed to compensate Plaintiff and all other hourly-paid, non-exempt Maintenance employees for all hours worked and work performed each work day and each workweek as described herein.

53. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant did not properly and lawfully compensate Plaintiff and all other hourly-paid, non-exempt Maintenance employees for all hours actually worked and/or work performed each work day and each workweek, including but not limited to at an overtime rate of pay.

54. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1) and during workweeks when no overtime was due, if any, Defendant suffered or

permitted Plaintiff and all other hourly-paid, non-exempt Maintenance employees to work without being paid appropriate and lawful compensation for all hours worked and/or work performed each work day and each workweek.

55. Defendant was or should have been aware that its compensation policies in practice failed to compensate Plaintiff and all other hourly-paid, non-exempt Maintenance employees in the same or similar fashion for all hours worked and/or work performed each work day and each workweek, including but not limited to at an overtime rate of pay.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

56. Plaintiff brings this action on behalf of himself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees include:

> All hourly-paid, non-exempt Maintenance employees employed by Defendant within three (3) years immediately prior to the filing of this Complaint, (ECF No. 1), who were not compensated at an overtime rate of pay for all hours spent communicating or corresponding with Defendant's supervisory-level or management-level employees regarding work-related matters, issues, or tasks and/or in furtherance of the duties of their Maintenance position each work day or each workweek.

57. Plaintiff and the FLSA Collective primarily performed non-exempt job duties each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

58. Plaintiff and the FLSA Collective were compensated on an hourly basis (and not on a salary basis) each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

59. Defendant, as a matter of policy and practice, did not compensate Plaintiff and the FLSA Collective for hours worked in excess of forty (40) in a workweek at the rate of one-and

one-half times their regular rate of pay for all hours worked each workweek, in violation of the FLSA.

60. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant, as a matter of policy and practice, did not compensate the FLSA Collective for "off-the-clock" hours worked and work performed with Defendant's knowledge, on Defendant's behalf, for Defendant's benefit, and/or at Defendant's direction, such as hours spent communicating or corresponding with Defendant's supervisory-level or management-level employees regarding work-related matters, issues, or tasks and/or in furtherance of the duties of their Maintenance position each work day or each workweek. These practices resulted in Plaintiff and the FLSA Collective being denied overtime compensation by Defendant at the rate of one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in a workweek.

61. The First Claim for Relief is brought under and maintained as opt-in Collective Actions pursuant to § 216(b) of the FLSA, 29 U.S.C. 216(b), by Plaintiff on behalf of the FLSA Collective.

62. The FLSA Collective claims may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

63. Plaintiff and the FLSA Collective are similarly situated and were subject to Defendant's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. Plaintiff's claims stated herein are the same as those of the FLSA Collective.

64.     Plaintiff and the FLSA Collective seek relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to lawfully compensate employees for all overtime compensation owed, including but not limited to at the correct and proper overtime rate of pay.

65.     The FLSA Collective is readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendant. Notice can be provided to the FLSA Collective via first class mail to the last address known by Defendant and through posting at Defendant's locations in areas where postings are normally made.

66.     Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the putative FLSA Collective.

## RULE 23 CLASS ALLEGATIONS – WISCONSIN

67.     Plaintiff bring this action on behalf of himself and all other similarly situated employees pursuant to the WWPCL, under Fed. R. Civ. P. 23.  The similarly situated employees include:

> All hourly-paid, non-exempt Maintenance employees employed by Defendant in the State of Wisconsin within two (2) years immediately prior to the filing of this Complaint, (ECF No. 1), and through the date of judgment who were not compensated – either at a regular rate of pay or at an overtime rate of pay for hours worked in excess of forty (40) hours in a workweek – for all hours spent communicating or corresponding with Defendant's supervisory-level or management-level employees regarding work-related matters, issues, or tasks and/or in furtherance of the duties of their Maintenance position each work day or each workweek.

68.     The members of the Wisconsin Class are readily ascertainable. The number and identity of the members of the Wisconsin Class are determinable from the records of Defendant.

The job titles, length of employment, and the rates of pay for each member of the Wisconsin Class are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

69.     The proposed Wisconsin Class is so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, upon information and belief, there are over thirty (30) members of the Wisconsin Class.

70.     Plaintiff's claims are typical of those claims which could be alleged by any members of the Wisconsin Class, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Class in separate actions. All of the members of the Wisconsin Class were subject to the same corporate practices of Defendant, as alleged herein. Defendant's corporate-wide policies and practices affected all members of the Wisconsin Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the Wisconsin Class. Plaintiff and other members of the Wisconsin Class sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

71.     Plaintiff is able to fairly and adequately protect the interests of the Wisconsin Class and have no interests antagonistic to the Wisconsin Class. Plaintiff is represented by counsel who are experienced and competent in both collective/class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

72.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where

individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Wisconsin Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual members of the Wisconsin Class to redress the wrongs done to them.

73.     Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Wisconsin Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Wisconsin Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

74.     Defendant has violated the WWPCL regarding payment of wages and overtime premium wages. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions

provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

75. There are questions of fact and law common to the Wisconsin Class that predominate over any questions affecting only individual members. The questions of law and fact common to the Wisconsin Class arising from Defendant's actions include, without limitation, the following: (1) Whether the work performed by Plaintiff and the Wisconsin Class is compensable under federal law and/or Wisconsin law; (2) Whether Defendant engaged in a pattern or practice of forcing, coercing, deceiving and/or permitting Plaintiff and the Wisconsin Class to perform work for Defendant's benefit without being properly compensated at an overtime rate of pay for hours worked in excess of forty (40) each workweek; (3) Whether Defendant failed to pay Plaintiff and the Wisconsin Class for all work Defendant suffered or permitted them to perform at the proper, correct, and/or lawful rate of pay; and (4) The nature and extent of class-wide injury and the measure of damages for the injury.

76. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

**FIRST CLAIM FOR RELIEF**
**Violations of the FLSA – Unpaid Overtime Wages**
**(Plaintiff, on behalf of himself and the FLSA Collective)**

77. Plaintiff, on behalf of himself and the FLSA Collective, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

78. At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

79. At all times material herein, Defendant was an employer of Plaintiff and the FLSA Collective as provided under the FLSA.

80. At all times material herein, Plaintiff and the FLSA Collective were employees of Defendant as provided under the FLSA.

81. At all times material herein, Plaintiff and the FLSA Collective were victims of uniform compensation policies and practices in violation of the FLSA.

82. Defendant violated the FLSA by failing to account for and compensate Plaintiff and the FLSA Collective for overtime premium pay for each hour they worked in excess of forty (40) hours each workweek.

83. Defendant violated the FLSA by suffering or permitting Plaintiff and the FLSA Collective to perform work without being properly or lawfully compensated for each hour worked in excess of forty (40) hours each workweek. Specifically, Defendant did not compensate the FLSA Collective for "off-the-clock" hours worked and work performed with Defendant's knowledge, on Defendant's behalf, for Defendant's benefit, and/or at Defendant's direction, such as hours spent communicating or corresponding with Defendant's supervisory-level or management-level employees regarding work-related matters, issues, or tasks and/or in furtherance of the duties of their Maintenance position each work day or each workweek.

84. 29 U.S.C. § 207(a)(1) regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

85. Defendant's failure to properly compensate Plaintiff and the FLSA Collective and failure to properly record all compensable work time was willfully perpetrated. Defendant has not

acted in good faith and with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant did not act willfully in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

86.     As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and the FLSA Collective for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

87.     Plaintiff and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether their conduct was prohibited by the FLSA.

88.     Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**SECOND CLAIM FOR RELIEF**
**Violation of the WWPCL – Unpaid Overtime Wages**
**(Plaintiff, on behalf of himself and the Wisconsin Class)**

89.     Plaintiff, on behalf of himself and the Wisconsin Class, reasserts and incorporates all previous paragraphs as if they were set forth herein.

90.     At all relevant times, Plaintiff and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

91.     At all relevant times, Defendant was an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

92.     At all relevant times, Defendant employed Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq*., 103.01 *et seq*., 104.01 *et seq*., and Wis. Admin. Code § DWD 272.01.

93.     Throughout the Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of his or her (collectively, their) principal activities without receiving compensation for these activities.

94.     At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class overtime compensation.

95.     Defendant willfully failed to pay Plaintiff and the Wisconsin Class overtime premium compensation for all hours worked in excess of forty (40) hours a workweek, in violation of Wisconsin Wage Payment Laws by failing to compensate Plaintiff and the Wisconsin Class for "off-the-clock" hours worked and work performed with Defendant's knowledge, on Defendant's behalf, for Defendant's benefit, and/or at Defendant's direction, such as hours spent communicating or corresponding with Defendant's supervisory-level or management-level employees regarding work-related matters, issues, or tasks and/or in furtherance of the duties of their Maintenance position each work day or each workweek.

96.     As set forth above, Plaintiff and the members of the Wisconsin Class have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation,

injunctive relief requiring Defendant to cease and desist from their violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

97.     Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

**THIRD CLAIM FOR RELIEF**
**Violations of the WWPCL – Unpaid Regular Wages/Failure to Pay an Agreed-Upon Wage**
**(Plaintiff, on behalf of himself and the Wisconsin Class)**

98.     Plaintiff, on behalf of himself and the Wisconsin Class, reasserts and incorporates all previous paragraphs as if they were set forth herein.

99.     At all relevant times, Plaintiff and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

100.     At all relevant times, Defendant was an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

101.     At all relevant times, Defendant employed, and continues to employ, Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

102.     Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

103.     At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class regular wages and overtime compensation.

104.     Throughout the Wisconsin Class Period, the Wisconsin Class was entitled to payments from Defendant at their agreed upon wage, as defined in Wis. Stat. § 109.01(3), for each hour worked, pursuant to Wis. Stat. § 109.03.

105.     Throughout the Wisconsin Class Period, Defendant did not compensate the Wisconsin Class for each and every hour worked, in accordance with Wis. Admin. Code § DWD 272.

106.     Throughout the Wisconsin Class Period, Defendant maintained and perpetrated an unlawful compensation practice that failed to compensate Plaintiff and the Wisconsin Class for "off-the-clock" hours worked and work performed with Defendant's knowledge, on Defendant's behalf, for Defendant's benefit, and/or at Defendant's direction, such as hours spent communicating or corresponding with Defendant's supervisory-level or management-level employees regarding work-related matters, issues, or tasks and/or in furtherance of the duties of their Maintenance position each work day or each workweek at their regular hourly rate of pay when hours worked each workweek did not exceed forty (40), in violation of the WWPCL.

107.     Defendant willfully failed to pay Plaintiff and the Wisconsin Class compensation for all hours worked that did not exceed forty (40) hours in a workweek, in violation of the WWPCL.

108.     As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation,

injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

109.    Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a) At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former hourly-paid, non-exempt employees who were employed by Defendant informing them of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly-situated current and qualified former employees that it is illegal for Defendant to take any actions in retaliation of their consent to join this action;

b) At the earliest possible time, issue an Order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23;

c) At the earliest possible time, issue an Order appointing Walcheske & Luzi, LLC as class counsel pursuant to Federal Rules of Civil Procedure 23;

d) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendant's actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations and as willful as defined in the FLSA and Wisconsin Law;

e) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt employees damages in the form of reimbursement for unpaid overtime wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

f) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt employees liquidated damages pursuant to the FLSA and WWPCL in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

g) Issue an Order directing Defendant to reimburse Plaintiff and all other similarly-situated hourly-paid, non-exempt employees for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

h) Provide Plaintiff and all other similarly-situated hourly-paid, non-exempt employees with such other and further relief, as the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 17th day of May, 2022

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

s/ *Scott S. Luzi*
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail: sluzi@walcheskeluzi.com
E-Mail: dpotteiger@walcheskeluzi.com